Jose R. TARIN, Petitioner–Appellant,

v.

Tim LEMASTER, Warden, New Mexico State Penitentiary; Attorney General for the State of New Mexico, Respondents–Appellees.

No. 01–2013.

United States Court of Appeals, Tenth Circuit.

Aug. 7, 2001.

Before SEYMOUR and McKAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

ORDER AND JUDGMENT *

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

State prisoner Jose R. Tarin seeks to appeal from the dismissal of his 28 U.S.C. § 2254 habeas petition. Petitioner was convicted in two separate trials in New Mexico's Fifth Judicial District of trafficking in cocaine and conspiracy to traffic in cocaine. Petitioner sought a writ of habeas corpus in the United States District Court for the District of New Mexico, alleging that the jury instruction describing the reasonable doubt standard in his two trials unconstitutionally shifted the burden of proof to the defense, in violation of his Fourteenth Amendment right to due process.[1] The district court denied both the writ and Petitioner's application for a certificate of appealability. Petitioner then applied to this court for a certificate of appealability.

In order for this court to grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted).

The New Mexico courts, utilizing the New Mexico Uniform Jury Instruction, defined reasonable doubt as "the kind of doubt that would make a reasonable person hesitate to act in the graver and more important affairs of life." New Mex. R., Crim. UJI 14–5060 (quoted in Petitioner's Br. at 5). Petitioner alleged that this language shifted the state's burden of proof to the defense, because it caused jurors to "start from the premise of the act itself, analogizing to grave and important acts in their own lives." Petitioner's Br. at 11.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Petitioner also contended that the jury instruction given to jurors in both trials regarding their duty to consult in their deliberations was unconstitutional. However, Petitioner has not renewed this argument on appeal, and we do not address it now.

Petitioner alleged that this caused jurors to begin with the act of finding guilt and then to ask themselves if anything would cause them to hesitate to find the defendant guilty. *See id.*

While Justice Ginsburg, among others, has disapproved of the use of the "hesitate to act" language, see *Victor v. Nebraska,* 511 U.S. 1, 27–28, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (Ginsburg, J., concurring), this language has been "repeatedly approved" by the Supreme Court as "giv[ing] a common sense benchmark for just how substantial such a doubt must be," *id.* at 20–21, 114 S.Ct. 1239 (majority opinion), as noted by the magistrate judge and adopted by the district court in this case. In light of these clear declarations by the Supreme Court, which the district court was bound to follow and we are bound to uphold, we cannot say that Petitioner has made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted).

For the reasons stated above, Petitioner's request for a certificate of appealability is DENIED.